Appellant, Jerry Joyce, appeals a judgment of the Court of Common Pleas of Allen County finding him to be a sexually oriented offender, pursuant to R.C. Chapter 2950. Specifically, Appellant argues that R.C. Chapter 2950 violates his constitutional rights under Section 1, Article I, and Section 16, Article I of the Ohio Constitution. For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
On March 17, 1976, Appellant pled guilty to one charge of kidnapping and one charge of rape, pursuant to R.C. 2905.01 and R.C. 2907.02, respectively. As a result of his guilty plea, Appellant was sentenced to a period of incarceration of not less than five years and not more than twenty-five years, on each count, with the sentences to run consecutively. Appellant was released on parole in 1986; however, he returned to prison that same year to finish the remainder of his sentence for violating the terms of his parole.
Thereafter, the Ohio Department of Rehabilitation and Corrections recommended to the court that Appellant be adjudicated a sexual predator. On April 9, 1999, the Common Pleas Court of Allen County, pursuant to R.C. 2950.09(C), conducted a hearing to determine Appellant's status as a sexual predator. The court considered the evidence and the relevant factors in R.C.2950.09(B) (2), and determined, by clear and convincing evidence, that Appellant is not a sexual predator. However, the trial court found, by clear and convincing evidence, that Appellant is a sexually oriented offender, pursuant to R.C. 2950.01(D) (1).
Appellant now appeals the judgment of the trial court, assigning one error for our review.
 Assignment of Error No. 1 Whether O.R.C. Chapter 2950 et. seq. violates Defendant-Appellant's constitutional rights under Article 1 Section 1 of the Ohio Constitution and Article 1 Section 16 of the Ohio Constitution.
In 1997, H.B. 180, also known as Megan's law, established a new classification, registration, and community notification system for sex offenders. Under this new system, sentencing courts must determine whether offenders are to be classified into one of the following classifications: 1) sexually oriented offenders; 2) habitual sex offenders; or 3) sexual predators.State v. Cook, 83 Ohio St.3d 404, 407; R.C. 2950.09. The sex offender's classification status determines the length and nature of his registration requirements, and whether community notification requirements are applicable.
In Cook, The Supreme Court of Ohio reviewed the constitutionality of R.C. Chapter 2950. Specifically, the court reviewed R.C. 2950.09(B), which addresses the classification of sex offenders. The issue was whether R.C. 2950.09(B), as applied to conduct occurring prior to the enactment of the statute, violated the Retroactivity Clause of Section 28, Article II, or the Ex Post Facto Clause of Section 10, Article I of the Ohio Constitution. In a unanimous decision, the Court held that R.C.2950.09(B) does not violate either clause of the Ohio Constitution. Cook, 86 Ohio St.3d 404. In dicta, the Court also stated that the address verification, registration, and community notification requirements of R.C. Chapter 2950, are constitutional.
Subsequent to the Cook decision, the Eleventh District Court of Appeals reviewed the constitutionality of R.C. Chapter 2950.State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406. In Williams, the appellate court held R.C. Chapter 2950 to be unconstitutional on separate grounds not addressed in Cook. The Williams court held that the address verification, registration, and community notification requirements of R.C. Chapter 2950 violate Section 1, Article I of the Ohio Constitution.
Pursuant to Williams, Appellant raises several arguments regarding the constitutionality of R.C. Chapter 2950. First, Appellant argues that the community notification requirements in R.C. 2950.11 are unconstitutional because they are unduly oppressive and burdensome. The statute, however, is clear that only those offenders determined by the trial court to be either sexual predators or habitual sex offenders are subject to the community notification requirements of R.C. 2950.11. Cook,83 Ohio St.3d at 409; R.C. 2950.11(F). Therefore, the appellant, as a sexually oriented offender, does not have standing to raise this issue.
Second, Appellant argues that the address registration and notification requirements of R.C. Chapter 2950 are unconstitutional, and an unreasonable use of the State's police power. In Benjamin v. Columbus (1957), 167 Ohio St. 103, The Supreme Court of Ohio stated:
 Almost every exercise of the police power will necessarily either interfere with the enjoyment of liberty or the acquisition, possession and production of property, within the meaning of Section 1 of Article I of the Ohio Constitution, or involve an injury to a person within the meaning of Section 16 of Article I of that Constitution, or deprive a person of property within the meaning of Section 1 of Article XIV of the Amendments to the Constitution of the United States. Nevertheless, it is well settled that an exercise of the police power having such an effect will be valid if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary. (Emphasis added).
Id. at 110, citing City of Piqua v. Zimmerlin, 35 Ohio St. 507,511.
In Cook, The Supreme Court of Ohio stated that R.C. Chapter 2950 does bear a real and substantial relationship to protecting the general welfare of the public. Cook, 86 Ohio St.3d at 427. The court, however, did not directly address the second prong of the Benjamin test. Appellant, as in Williams, argues that R.C. Chapter 2950 is an unreasonable and arbitrary use of the State's police powers. We disagree.
In addressing the issue of whether the registration and community notification provisions constituted an affirmative disability or restraint, the Cook court determined that "the inconvenience of registration is a de minimis administrative requirement." Cook, at 418. With respect to the community notification requirements, the court pointed out that the burden of dissemination of the information falls not on the defendant, but upon law enforcement, and that while the information could be embarrassing to a defendant, "the importance of public access prevails over the detrimental effect that the release of derogatory information may have on a defendant." Cook, at 419.
Although only dicta, the Supreme Court in Cook forcefully stated that the registration, address verification, and community notification requirements of R.C. Chapter 2950, are constitutional. In doing so, the Court balanced the interests of the public against the well being and reputation of sex offenders. We find the Supreme Court's discussion of the constitutional considerations in Cook to be persuasive that R.C. Chapter 2950 is constitutional in its entirety. Therefore, we hold that R.C. Chapter 2950 does not violate Section 1, Article I, or Section 16, Article I of the Ohio Constitution.
Accordingly, Appellant's assignment of error is not well taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and HADLEY, J., concur.